Good morning, Your Honor. May it please the Court, my name is Charles Cooper. I'm here representing the amicus judicial education project by leave of court for which I am grateful. I plan to speak only to the Appointments Clause issue. Mr. Gordon is content to rest on his briefing with respect to all of the other issues. And I'd like to reserve five minutes of my time, Your Honor, if that proves to be possible. I'd like to open my argument by asking you to consider a hypothetical. Suppose that Mr. Cordray had not been recess-pointed at all, not on January 4th, 2012 or at any other time, but that he had nonetheless authorized the enforcement action at issue in this case, solely standing in his shoes as a nominee to the position. And that he directed bureau attorneys to come into court to prosecute the enforcement action, even though they had no pretense of being inferior officers qualified under the Constitution, the Appointments Clause and the Buckley case, to conduct civil litigation on behalf of the United Rights. Now, I submit to you that I don't think anybody would dispute that the enforcement action in that hypothetical could not be maintained. It would be ultra-valuable and would have to be dismissed. Certainly the Bureau itself has never disputed that proposition. Well, that is not a hypothetical, Your Honors. That is exactly what happened in this case, as we now know from the invalidated identical appointments made on the same day as violative of the Appointments Clause of Article 2 of the Constitution. And so it is as clear as clear can be that Mr. Cordray's authorization of this suit, the Bureau's commencement and prosecution of the suit, all the way through the time when judgment was entered against Mr. Gordon, was ultra-varies. So, I'm sorry, finish. As I say, the Board doesn't dispute any of this. It says only that constitutional life was breathed back into this ultra-varies lawsuit, this enforcement action, by Mr. Cordray's, by his ratification after the time he became a constitutionally appointed officer of the United States and director of the Bureau. I'm sorry, Judge. If Mr. Cordray, as a private person, which is what you're positing in your hypothetical, he was a nominee, so he was a private person, and he comes into court, or his attorneys do, I assume we would have to say he has no standing. So I'm interested in the standing question. As I understand opposing counsel, their argument is he wasn't coming as a private person because whether officially authorized or not, he had an agency relationship with the Bureau. That's one of their arguments. Is that sufficient to give Mr. Cordray standing? No, Your Honor. That does not change Mr. Cordray or any of the lawyers who appeared in the court below from private citizens into officers of the United States, and it doesn't for this reason. The enforcement authority of the United States of America resides in the United States and his obligation to take care that those laws be faithfully executed. That enforcement authority, through the appointments clause in Article 2, can only be delegated and bestowed on officers of the United States, either principal or inferior officers. Buckley makes as clear as clear can be that only an inferior officer, properly appointed under Article 2, can conduct civil litigation in federal courts on behalf of the United States. But Buckley didn't look at that as a standing issue. So Buckley wasn't concerned about standing. It didn't address standing, and ultimately at the end it said, under the de facto officer doctrine, we'll say all of the enforcement actions were valid. No, actually, Your Honor, the only thing that Buckley validated through the de facto officer doctrine were administrative actions. It didn't enforce any enforcement. That's right. So Buckley has the language saying you have to be an officer of the court to invoke the executive branch power, but it doesn't say that that's a standing issue. So how do we get to standing from that? Well, Your Honor, you're quite right. I am suggesting to you that it's a standing issue, and I offer that only because that is something that can't be waived. Counsel, if that's right, was the Supreme Court then wrong in Noel Canning not to address Article 3? No, Your Honor, I don't think they were wrong not to address it. Why didn't they then? Well, Your Honor, I don't think the argument was ever offered. I don't believe there was any. This court is, this current Supreme Court, I think I can confidently say is pretty aware of Article 3. And so how do we read that decision, which is an extension of the argument you tried to make today, where they didn't discuss Article 3, for us now to say it is an Article 3 issue? How can we say that in an opinion when the Supreme Court in Noel Canning didn't address it as an Article 3 issue? In Noel Canning, Your Honor, they were not presented with a case of an enforcement action brought into a federal court. Brought into a federal court. There was no civil enforcement action where the Supreme Court has said, in order to qualify to come into court and enforce the law in the name of the United States, to vindicate public rights, you must be an officer. The only thing at issue in Noel Canning, Your Honor, was whether or not administrative action that the NLRB took, not in a court, but on its own account, standing in their own shoes as members of that board. And the court held, you know, clearly that they had no authority to do that because there wasn't a quorum present. The private citizens sitting on that board could not exercise the statutory authority that they had. The reason this is standing, Your Honor, is simply because a private citizen has no standing to come before you to enforce federal law in the name of the United States. Let me just go to Hollingsworth for a moment because there the court was very interested in the agency relationship which the intervenors did not have, notwithstanding the California Supreme Court. The court's determination that they were authorized to represent the state. So I guess my question to you is, here we have, similar to Hollingsworth, we have private person, under your hypothetical, in court, asserting that he is authorized to represent the Bureau. And the agency issues that the Supreme Court looked at in Hollingsworth don't seem to be applicable here. So can he, so can Mr. Cordray purport to say there's an agency relationship between me and the Bureau, even if I'm not an officer of the United States, the Bureau certainly has authority to take these enforcement actions, even though I guess there's no Bureau if there's no director. But so I'm here as a representative of this Bureau. What's wrong with that argument? Your Honor, how can Mr. Cordray purport any more than you or I could purport to be an agent of the CFPB to come into court? Who would make that, who would make him an agent? So he would have to make himself an agent, right? Because the director is the authority that wields the power of the Bureau. He would have to make himself an agent in the same way that California had not made the official proponents of Proposition 8 agents, according to the Supreme Court. No one could make Mr. Cordray or the lawyers who came into court at his bidding agents of the CFPB, other than Mr. Cordray, once he became constitutionally authorized to exercise and to delegate, as the sole officer under the statute allowed to delegate any of the Bureau's authorities, only then could an agent be created. But the point here really is that a simple agent, any agent, cannot come into this court or any federal court purporting to speak for the United States unless they're an officer, an inferior or principal officer of the United States. Buckley simply couldn't be clearer about that. And how could it be otherwise? How could it be otherwise? That's how the president's take-care power is distributed. It's not distributed to these amorphous departments or bureaus or agencies. It's distributed to people. Let me ask you about those people, if I could, counsel. We have situations where, let's say, Mr. Cordray becomes incapacitated or he resigns, and there's a period of time where, these days in Washington, things may not move as quickly as we all might like to have happen, and there's gridlock. So an agency like this agency may go months without an actual director. What happens in that situation where there is no Article II Appointments Clause-affirmed director for an agency like this? Federal law accounts for, under the Vacancy Act, under certain circumstances, that very situation where another confirmed principal officer or officer of the United States can serve in the role as director or principal officer. But your view is that whoever that acting person would be would still have to have been confirmed by the Senate? Yes. So if you had a situation where a new administration comes into place, and the President orders everyone to resign their positions for an agency, so there are no Article II, then the agency just, what happens to all the cases? It happens all the time, Your Honor. Right. And there's always holdovers who stand in those shoes in order to continue government. But for Article III purposes, I guess my question is, this whole construct you're asking us to adopt is an Article III analysis here. Well, this is an Article II analysis, Your Honor. The Article III part, the standing piece of it, comes only with respect to this court, to courts, the federal courts. Sure. Standing to be in this court. Sure, but for the CFPB, that's what they do. They bring cases in federal court. That's not the only thing they do. Sure. They do a whole lot of other things. But yes, Your Honor, in specific, direct answer to your question, the CFPB, if it had no officers to send into court, and certainly now it has many. Okay, but the hypothetical, though, is that it's your position that unless that there is someone in charge of that agency who has actually gone through Senate confirmation, that that agency cannot bring cases in federal court. And somebody who is qualified under the Vacancy Act. And look at the NLRB, perfect case in point. When the NLRB does not have a quorum, three members of five, we know from the new State Steel case, I think it is, that it cannot undertake any action, period. And that was the problem. And the reason that led to the efforts to recess appoint them, that ultimately proved invalid. It was that the NLRB was completely dead in the water, as it really had to be, because by statute it only could operate through three members, and it had two members and three private individuals. But in the Article III context, if we have that situation where there's, again, mass resignations, there's no one who's gone through Senate confirmation, what happens to the cases? Are they, because it's an Article III question, are they all dismissed? Oh, no, no, Your Honor. The problem here was that the CFPB could not get underway at all because it had no officers. It didn't have a director, the only officer authorized to appoint inferior officers underneath him. And so there was no one for it to send into court until Mr. Cordray was confirmed. Now it's got lots of them, and even when the administration changes, they can continue to litigate those cases. There's no standing issue anymore for the CFPB, but there sure was then. So what you're suggesting is that if there was a director at one point who then appointed other subservient directors, those subservient directors could continue with the litigation? Yes, Your Honor. Right. But can I just go beyond that particular point, talk about the consequences of this particular litigation? I appreciate that you're raising the standing issue. I mean, maybe it has something to do with the waiver determination, but you're raising the standing issue. That's fine. But you're also, this is a much broader lawsuit, it seems to me, and you tell me if this is not correct, but are you, in fact, saying that because the director was not appropriately hired, that essentially the entire Bureau is totally dysfunctional, and that anything that they did under Article II or Article III, obviously, anything they did between, what is it, July of 2013 to, I'm sorry, January of 2013 to July of 2013, January 12th of 13, that year and a half, all of that is void, doesn't exist. Your Honor, my argument isn't that broad. My argument focuses on one thing, and that's the enforcement action that the CFPB brought during that period when it had no officers of any kind. But you made the point very clearly that the director could do nothing, and if the director could not appoint, because of the statute, the way the statute is written, the director is supposed to apply, hire people, all of the hiring, all of the people who were hired by the director, that's void. All of the administrative decisions that they made in the year and a half, those are void. Those are things that the director could do, could do, the moment he became a principal officer. And I will say this. I think that everything that the CFPB did during that period that it required an officer of the United States to do, for example, making any binding decision that affects the interests and rights of American citizens, that that is something that it would have to do over, yes. Okay, so are you suggesting that the ratification in August of 2013 was effective for all of those decisions, the appointment of employees, all of the administrative decisions that the Bureau made, the only thing that it was not effective for was essentially the Article III issues? Your Honor, I think that I know that the Article III issues are things that he could not ratify, or at least I would submit to the Court that that's true. Whether or not any of the other matters that the Bureau itself took up and decisions that it made, maybe regulations that it promulgated, those things, some of those I think the Bureau would be very wise to go back and do de novo, do again de novo. But in regard to ratification, what you basically argued was that because the director had no right to pass those particular decisions or make those decisions at that time, not just the ratification time, but at the time of the decision, that those were ineffective, which logically means then every decision that person made, the director made, was void. And the agency, for that year and a half, is just wiped out. If it was a decision that only a principal officer could make, then yes. And there may be decisions, for example, there are lots of things that agencies can do through employees. In fact, we know from the Landry case in the D.C. Circuit, which I've asked the Court to consider carefully, that ALJs don't have to be inferior officers. The ALJs have only recommendatory powers, and therefore employees, just agency employees, can do the things that ALJs do, at least under that case. So there are a lot of things that don't require an officer of the United States, but the things that required an officer of the United States have to be redone when the CFPB has an officer of the United States to do them. Let me just try to separate out some of these ratification issues. I understand that there is various case law on ratification after the fact, once a person has been properly appointed. I didn't find any cases where you could ratify after the fact and create standing. Are there any cases relating to standing? So that would differentiate between everything that is not standing related and standing to bring an enforcement action in a federal court. Is there any case that suggests that ratification by a now properly appointed official could revive a case if there was no standing when it was initially commenced? Your Honor, there is no such case that I've ever seen. I can't imagine there would be such a case. Even if one does not accept the ratification argument that we have offered to the court relying on the Supreme Court's decision in the NRA Political Victory Fund where the court very clearly said in order for the Solicitor General there, obviously an officer of the United States, to have essentially ratified an earlier filing for cert, the Solicitor General had to have the authority to have consented to that filing not only at the time when the filing was made, but also when the ratification itself was purported to be made. But even if one doesn't accept our proposition, which would answer this case, Your Honor, I can't imagine and I've seen no case that suggests that somehow an officer could ratify the filing of a lawsuit brought by private individuals on behalf of the United States and somehow breathe Article 2, Inferior Officer Status, into those officers retroactively so that what they did would be just fine. Standing, Your Honor, has to be tested. The Supreme Court cases are numerous. I can't think of one to cite you, but at the time the complaint is filed and throughout the commencement of it. We've taken you way over your time, but I'll still give a minute for rebuttal. I appreciate that. Thank you, Your Honor. Good morning and may it please the Court. Kristen Bateman for the Consumer Financial Protection Bureau. The judgment against Gordon should be affirmed  and he has waived any defense based on the Bureau Director's previous recess appointment. But even if the Court reaches that recess appointment defense here, it should still affirm because that recess appointment is now over. The Bureau Director now unquestionably serves pursuant to a constitutionally valid appointment and he's ratified the decision to bring this suit. Given that, there's no reason now also to dismiss this action and to require the agency to start all over from scratch and the courts to adjudicate this case all over again. And that's because the ratification already cured any problem with the initial approval of this suit. So can ratification cure a standing issue? That was my question to opposing counsel. I'm not sure that ratification could cure a standing issue, but I don't think there's a standing issue in this case. So Mr. Cordray, when the enforcement action was brought, was a private individual, correct? He wasn't appointed. He didn't meet the statutory requirements to be the Director. He was just a private individual. We found that out later, but he wasn't a private individual in the sense of some random person off the street going into court and suing Mr. Gordon. He was someone who was representing the Bureau and he was bringing suit on behalf of the Bureau. Okay, so he wasn't legally authorized because he didn't meet the statutory requirement and he hadn't been appointed by the Appointments Clause. And so I read your briefs as suggesting that there was an agency relationship between him and the Bureau, and I was trying to understand that because since the Bureau can only act through its Director, as I read the statute, and there was no Director at the time, I couldn't understand how an agency relationship could form when there was no principal there to make a decision. So how could there be an agency relationship? So when the principal is an artificial entity like we have here, the Bureau, the governing documents, so here the statute, would establish who the agents are. And the statute here establishes that the powers of the authority are vested in the Director. So it's essentially saying that the Director is in the first instance the agent who's empowered to act on behalf of the Bureau. But there was no Director at the time. So there was no one to authorize him to bring an enforcement action or to go to court. That's what I was struggling with. Right. If we're talking about standing, I think there's no question here that the Bureau was at least the putative plaintiff. Now, whether or not the Bureau... But nobody had authorized the Bureau to take an enforcement. I mean, there was no authorization to take an enforcement action because there was no Director, so there was no one to make a decision. That's what I'm struggling with. So there was, like, no one at home, there was no there there, and so how could there be a principal? Well, there could be a... To first answer that question, there could be a principal because the statute establishes that the Bureau would be created... So it exists, but it couldn't make any decisions. So it hadn't authorized Mr. Cordray to do anything because there was no Director at the time. That's correct, but that doesn't go to the Bureau's standing. And we had an analogous situation in the Desaracho case. But if the Bureau had standing, it's sort of irrelevant, right, because the Bureau couldn't bring an enforcement action because it hadn't made any decision to bring an enforcement action. So I don't see what difference... You know, I doubt whether the Bureau had standing, but it seems irrelevant because no one had decided at that point to take an enforcement action or to go into court. Well, the decision to bring an enforcement action can certainly be ratified, and we saw that in the Bowles v. Wheeler case from this court. And there you had a situation where enforcement attorneys who had not gotten the proper approval or allegedly had not gotten the proper approval to go into court and bring a federal government enforcement action. Later, after the case had already been going on, and, in fact, while it was pending on appeal, the head of that agency ratified the decision to bring that suit. Did they address standing in that case? They did not address standing. Okay, so it doesn't really help us here. I mean, there's lots of cases where, you know, there's subsequent ratification of enforcement actions. But my question is, when Mr. Cordray came into the court, he was purely a private person. It seems like the sort of Hollingsworth situation, except at least in Hollingsworth, California, we know existed where it could make decisions, whereas the Bureau didn't really exist at that point because there was no one authorized to make decisions. So I have two responses to that. The first is the Day-Saracho case. That was a case where some individuals went into court on behalf of a company, and the company there was the plaintiff bringing suit. It turns out that the company didn't actually have authority to be in court because they needed approval from a bunch of people and they didn't get all the necessary approvals. The defendant in that case raised this objection late in the day and said, hey, wait, this company is suing me, but the company doesn't actually have authority to sue me. It hasn't gotten the necessary approval. So that's exactly the situation we have here. The Bureau is in court, but Mr. Gordon is saying, hey, wait, the Bureau can't be here in court. There's no director who authorized this. In Day-Saracho, this court said that that does not go to standing. It goes to whether the entity had proper approval to bring the suit, but that is not a standing question and it does not go to the court's subject matter jurisdiction. You can see the point about Mr. Carter being a private individual, I think, but I'm wondering whether that is in fact correct. I mean, he is not just somebody who walked in off the street. He has the apparent authority of the director during that period of time. And for agency law, the question about whether apparent authority might put this in a slightly different context, because at that point everybody, well, not everybody, some people believed he, in fact, was the director. I mean, are you conceding that he's just a private individual or is he sort of in a quasi state? No, we're not conceding that he's a private individual. We concede that. We found out later in the day that it turns out that the appointment was not valid, but that does not mean that when he came into court or the enforcement attorneys came into court that the plaintiff wasn't actually the Bureau. It doesn't mean that we changed the identity of the plaintiff. How did he get the authority? I mean, what was the basis of his authority? He wasn't statutory. He didn't meet the statutory requirements. He didn't meet the appointments clause. And there was no one at the Bureau to appoint him. So what gave him, what was the basis of his authority? I mean, why isn't it like Hollingsworth where they came in and in fact the California Supreme Court said they're authorized to represent the state of California and the Supreme Court said we don't think so. So where did his authority come from? So the authority to bring the suit came from the ratification later by the property. So his authority to come into court and for us to say the district court that he had standing came subsequently. So if the state of California had later said, if the California Supreme Court in Hollingsworth had said, oh, we misspoke, you're now telling us we have to say it's the agent of the state of California and these interveners are the agent for purposes of defending this constitutional amendment, then the case should have continued. So the standing issue would have been resolved. Is that how it would apply? So you could resolve a standing issue post-talk? Again, I don't think there's a standing issue, and I think there was a premise. How can there not be a standing issue? How does he have standing if he's a private person? He doesn't have standing. He doesn't need standing. He has never been the plaintiff in this case. And the question for standing is always, does the plaintiff have standing? And the plaintiff here is the Bureau. And so just as the company in DeSaracho had standing, even though it hadn't received the proper approval from its directors to go into court, the Bureau here has standing even though it hasn't received the proper approval. Let me see if I'm understanding. Mr. Cordray had no standing. He was a private person when he went into court. The Bureau hadn't made any decision at that point about whether to take an enforcement action or whether he represented them. So he was bringing this action on his own as a private individual, and then subsequently the Bureau, with a properly appointed director, made a decision that that enforcement action was a good idea, and then that can give him standing retroactively. It's not that it gives him standing. The Bureau has had standing all along. But the Bureau wasn't represented by him because the Bureau hadn't made any decision at that point. So how can the Bureau standing at the time or thereafter, how can that make a difference? I guess I'm not understanding that. Whenever you have a problem where the plaintiff in a suit hasn't been properly authorized to go into court or where the people representing that plaintiff in court are not actually authorized to represent the plaintiff, courts have never looked at that and said, okay, well, you're not properly authorized to represent this plaintiff, so we're going to treat you, the individual standing here, as the plaintiff. That's what they did in Hollingsworth, right? That's exactly what they did in Hollingsworth. The Hollingsworth plaintiff said, State of California has standing. Its constitutional amendment is being challenged, was struck down in the district court. And the California Supreme Court says, you're authorized to represent the state, and the Supreme Court said, we will not listen to you. So how do we get around that? I mean, isn't that exactly the situation here or actually stronger for the interveners to have standing? No, I don't think so. The Supreme Court said the interveners are not the state. They aren't purporting to represent the state. They were purporting to represent the state, definitely. They're purporting to defend the state. And that's what the California Supreme Court said, right? They're authorized to represent the state is what the California Supreme Court ruled. To represent the state's interest and to defend a law that the state and the people who represented the state had decided not to defend. No, the people had voted that in as a constitutional amendment. It was the governor and the attorney general who didn't pursue it. But, I mean, the court then said, you are just private persons. And as private people, you have no standing. I mean, that was the ultimate result of what the Supreme Court said. That's true. And in reaching that result, the court expressly said two things that are relevant here. They said, we note that these private plaintiffs are not agents of the state, properly appointed or not. And they also said they are not de facto public officials. Isn't that true with Mr. Cordray? He was neither appointed by the Bureau. He wasn't an agent of the Bureau because there was no one to make that decision at the Bureau. And he wasn't a public official because he wasn't properly appointed. Well, he was at least a de facto public official. He was certainly in office under color of title. We certainly thought he was properly appointed. The President certainly thought he was properly appointed. There were very good arguments that he was properly appointed. At the end of the day, they didn't win. But it wasn't a situation like you had in Hollingsworth where there were people who were definitely not public officials seeking to go into court. You distinguish Hollingsworth because the parties in Hollingsworth were these two private persons. You say that the party here is the Bureau. And the Bureau relies upon what is the apparent authority of Mr. Cordray at that point to bring the litigation. I mean, the fact is the party is the Bureau. And, in fact, the statute says the Bureau brings the litigation. And whether the reliance upon the apparent authority of the Director or not, from the perspective of the Bureau, the party is appropriate. It's probably a complex question. But, still, there's the apparent authority there from the Director that you can go forward. It's not the Director bringing the litigation. It's the Bureau, Bureau relying upon the apparent authority of the agent, that is, the Director. Is that what your argument is? How does the Bureau act? I thought the Bureau could only act through the Director. So how does the Bureau do anything if there's no Director? I mean, that's the problem I have with your apparent authority argument, is that the Bureau didn't exist, really, at that point. It had been created by statute that it could only act through a Director, according to the statute. And there was no Director. So there was no entity that could decide or make any action. The Bureau certainly existed at that time, and it existed because the statute had created it, and the statute had provided that the Bureau's authority to bring civil enforcement actions, which is obviously the relevant authority here, would take effect on the designated transfer date, and that was in July of 2011. So the Bureau certainly existed, and the Bureau certainly was vested with its authority. It turns out that the Director who was exercising that authority for the Bureau at the time was not properly appointed. But that's why the ratification becomes relevant, and the ratification under established common law agency principles, like those that this Court applied in Bowles, can retroactively validate the bringing of an enforcement action on behalf of a federal government agency. So Opposing Counsel says, well, and the Supreme Court has said, in order for a valid ratification, the principle has to have the power to do it at the time it was brought and thereafter. And so Opposing Counsel argues, well, there was no one with the power to bring an enforcement action at the time of the enforcement action because there was no Director. What's the response to that? I have two responses. The first one is that that requirement, that the ratifying party needed to have authority in the first place, isn't a requirement anymore. They themselves acknowledge that it's been discarded. But second— Well, the Supreme Court has said it a couple of times and hasn't overruled it, so I'm not sure why we would think it was discarded. Did the Supreme Court ever overrule that? The Supreme Court has never invalidated an action because of a problem with the person having authority in the first place. Do you think it's Supreme Court dicta? It would be dicta. And the Supreme Court was reciting what the common law agency principles were, was saying these common law principles presumptively apply in the government context. So to the extent that the common law is changing, I think we would expect that the Supreme Court would change along with it. But regardless, even if we accept that this is a requirement, that the ratifying party have had authority to do the act in the first place, it doesn't matter because that requirement is, in fact, satisfied here. And the reason is that under that old common law rule, the requirement was just that the principle have had authority to take the action in the first place. And the principle here is the Bureau. And as a creature of statute, it's the statute that establishes what the Bureau's authorities are. And the statute here unambiguously says that the Bureau would have civil enforcement authority and that that authority would take effect on the designated transfer date, which was July 21, 2011. So even if we're applying that old common law rule, it's messier because the Bureau has had authority the whole time. And then the opposing counsel also argues that in any event, Mr. Cordray couldn't or there was no one to invoke the executive power of the United States because no one had been validly appointed and relying on the language in Buckley, which says only a properly appointed under the appointments clause individual can go and invoke the power of the executive branch in a federal court. So regardless of any of the standing authorization stuff, the right person didn't go into court. How do you address that? Again, the ratification addresses that, and the ratification addresses that because it is a decision by a properly appointed person, an officer of the United States, that yes, I want the Bureau to pursue this enforcement action. So can someone go into court and invoke the executive power who is not an officer of the United States if sometime down the road a properly appointed officer said, yes, that was okay? Is there a case supporting that? Is that your view, and is there a case supporting that? Two cases are Legitech and Doolin. Those are cases in which federal government enforcement agencies brought enforcement actions at a time when the heads of those agencies were either improperly appointed, improperly constituted. In fact, there was another case that just came out in the D.C. Circuit which essentially affirmed those particular decisions. The name of which I've forgotten. Those approved the enforcement action but didn't address the question of standing. Is that correct? They did not address the question of standing, but for the reasons I've been discussing, I don't think standing is an issue because of who the plaintiff here is. In those cases, there was a do-over, right, as opposing counsel was suggesting? There was no do-over. The cases say that the agency reconsidered or then re-de novo ruled on the enforcement action. In Legitech, the court, in both cases it was a ratification like the ratification that we have here. It was not a do-over of the process. It was not a dismissal of the suit. The court in both of those cases said we're not going to require the agency to return to square one and refile this action and go through the entire process again. I thought in intercollegiate they actually, the first intercollegiate one, they said, nope, it's invalid, and in intercollegiate two where there had been a do-over, they said, okay, now we can look at harmless error but only to determine if it was tainted, if the second decision was tainted by the first one. So doesn't that suggest that there has to be some sort of independent deliberations? I don't think so because in intercollegiate, unlike in Legitech and in Doolin, there was no ratification. So in Legitech and Doolin you had circumstances essentially identical to what we have here where there was before any judicial review of the appointment or the constitution of the agency. I thought in Legitech they reviewed it for a couple of days and made the same determination, but in Doolin it was just a paper review. They looked at the papers and then they ratified what had happened before. It was not a substantive redo. Is that not correct? In Doolin it was probably more substantive in Legitech. In Legitech the court characterized it as a reverse. So here, was there anything? Because all we saw in the Federal Register was everything I did was okay. There was no suggestion of any review of the prior actions at all. There's nothing in the record about what thought process went into the ratification that we have in the Federal Register, but I would point out that Mr. Gordon and the amicus have not challenged the ratification on the basis that it was too general or too blanket. If they had, it would be foreclosed by this court's decision in Bowles. There the court considered a similar objection to the ratification of a whole plethora of enforcement actions. The objection was this is too general. You didn't give these cases individualized consideration, and this court rejected that and said that that is not a challenge that the person… What's the effect that the ratification was not done in the name of the principal? So Mr. Cordray's ratification just says everything I did was okay. It doesn't say on behalf of the Bureau, the Bureau ratifies all of these past actions. What's the effect of that? I don't remember the exact language of the ratification, but I think that the fairest reading of that ratification is that he was acting for the Bureau. He doesn't say that. The word Bureau doesn't…he says an abundance of caution, everything I did was okay. And I don't think that that would make a difference because I think the circumstances make clear that when he was issuing that ratification, he was, in fact, acting for the Bureau. Can I just ask you something about in your brief? You sort of suggested that, well, this is all harmless or almost irrelevant because if, in fact, his appointment was the ratification was improper, you could go back and do it all over again. And you put that in your brief, and I thought because of the statute of limitations you would be barred at this particular point. Am I wrong about that? I think that if the case were to be dismissed and we were to refile, we would expect that Gordon would raise the statute of limitations defense. We don't think that defense would succeed because we think the statute of limitations has been told during the pendency of this action. Oh, I see. Okay. And I see I'm over my time. Thank you very much. We'll give you a minute for rebuttal. Thank you, Yonah. Let me put counsel's standing point to the test here. Let us assume for a moment that Mr. Cordray has never been confirmed by the Senate and that this case comes to you in exactly the condition that it was before the district court on nothing other than a recess appointment that we now know was no good. So we now know that the CFPB still to this day does not have a principal officer. Can there be any doubt that the CFPB from Mr. Cordray on down would not have a single officer of the United States in it and that this case would have to be dismissed for want of standing because a private party has no more interest than the rest of the general public in enforcing and vindicating public rights in a federal court in the name of the United States? Can there be no doubt? So what you just said was there would not even be an official in the entire bureau. So basically the scope of your litigation is not limited to standing. You're basically suggesting that every decision that was made by the bureau during that 18-month period is null and void, including the selection of all of the employees, and basically it's over. You have to start all over again. Your Honor, actually I come back to the answer I've already given you, which is that only the things that would require an officer of the United States to accomplish would be invalid, would be ultra vires. The things that would not require an officer of the United States would not be ultra vires. But let's go back in history to the time when President Obama and the Senate were fighting over whether or not Mr. Cordray would be confirmed. What was that fight about? If all of this is true, why didn't the bureau bring this action before the recess appointment that was put in place because everyone understood that, yes, the bureau was dead in the water. It was completely inert until that happened. Or maybe they needed more time to figure out what Mr. Gordon was doing as a factional matter. They didn't bring a single enforcement action, Your Honor, because they knew. Is that in the record, what they knew? Of course. Well, Your Honor, why didn't they if they didn't know? Because the precedents are unequivocal that they would have to be an inferior officer to come into court. They knew that. Anyone who is familiar with Article II, Buckley, and the structure of our Constitution understands that. My time has expired. Thank you very much. Thank you for your argument. We thank both counsel for their argument on this very interesting case. Consumer Financial Protection Bureau v. Gordon is submitted.
judges: Sessions, Ikuta, Owens